Nicole C. Andersen (State Bar No. 281218)
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-622-6469
Fax: 213-622-6019
Email: nandersen@nflawfirm.com

Erin R. Applebaum (Pro Hac Vice Applicant)
Taylor Sandella (Pro Hac Vice Applicant)
**KREINDLER & KREINDLER, LLP**
485 Lexington Avenue
New York, NY 10017
Tel:.212-687-8181
Email: eapplebaum@kreindler.com
Email: tsandella@kreindler.com

*Attorneys for Plaintiff Stephanie Shaw*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SHAW, individually, | CASE NO.: |
| Plaintiff, | **PLAINTIFF STEPHANIE SHAW'S COMPLAINT FOR DAMAGES** |
| vs. | |
| UNITED AIRLINES, INC. and TURK HAVA YOLLARI, A.O. d/b/a TURKISH AIRLINES, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff, STEPHANIE SHAW, by her attorneys NELSON & FRAENKEL LLP and KREINDLER & KREINDLER LLP, as and for her Complaint against Defendants, UNITED AIRLINES, INC. and TURK HAVA YOLLARI, A.O. d/b/a TURKISH AIRLINES, INC., alleges the following upon information and belief:

## PARTIES

1. Plaintiff, STEPHANIE SHAW, is an individual and resident of Covina, California.

2. Defendant UNITED AIRLINES, INC. (hereinafter "UNITED") is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. Defendant UNITED was and remains a common carrier engaged in the business of transporting passengers for hire by air.

4. Defendant TURK HAVA YOLLARI, A.O. d/b/a TURKISH AIRLINES, INC. (hereinafter "TURKISH AIRLINES") is a foreign corporation headquartered in Istanbul, Turkey.

5. Defendant TURKISH AIRLINES was and remains a common carrier engaged in the business of transporting passengers for hire by air.

6. Defendant TURKISH AIRLINES was and remains a foreign corporation registered and authorized to do business in the State of California.

7. TURKISH AIRLINES holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct regularly scheduled international flights to and from the United States of America.

## JURISDICTION AND VENUE

8. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

9. Jurisdiction is proper under Article 33(1) of the Montreal Convention ("Montreal Convention jurisdiction") because Defendant, UNITED does business in, and sold Plaintiff the tickets for the flight in, the State of California and the destination of Plaintiff's round trip ticketing

2

was Los Angeles International Airport ("LAX") within the State of California.

10.    Montreal Convention jurisdiction also applies under Article 33(2) because Plaintiff's principal and permanent residence is in the State of California and both Defendants operate services for the carriage of passengers by air through premises owned or leased by each Defendant within the State of California.

11.    This Court further maintains subject matter jurisdiction over Defendant TURKISH AIRLINES pursuant to 28 U.S.C. § 1605(a)(2) of the Foreign Sovereign Immunities Act because this action is based upon Defendant's commercial activities carried on in the United States.

12.    This Court has personal jurisdiction over Defendant UNITED because UNITED has purposefully availed itself of the privilege of doing business in California and Plaintiff's claims arise from and relate to UNITED's contacts within the State of California.

13.    This Court has personal jurisdiction over Defendant TURKISH AIRLINES in California because TURKISH AIRLINES participates in a contractual code-share arrangement with Defendant UNITED through which UNITED provides carriage on certain flights to TURKISH AIRLINES customers into and out of the State of California and sells TURKISH AIRLINES flights to California passengers.

14.    Defendant UNITED was the contracting carrier within the meaning of Articles 39 and 40 of the Montreal Convention, having undertaken to provide Plaintiff's international carriage and participated in issuing transportation for the subject itinerary.

15.    Defendant TURKISH AIRLINES was the actual carrier within the meaning of Articles 39 and 40 of the Montreal Convention, having operated the subject flight segment on which Plaintiff's injuries occurred.

16.    This Court also has personal jurisdiction over Defendant TURKISH AIRLINES pursuant to Fed. R. Civ. P. 4(k)(2) and the Fifth Amendment to the United States Constitution because TURKISH AIRLINES maintains sufficient contacts with the United States through its substantial and continuous commercial activities throughout the United States.

17.    Specifically, TURKISH AIRLINES purposefully avails itself of the privilege of conducting commercial aviation business in the American market generally, and in the State of

3

California in particular, through scheduled passenger service to and from Los Angeles and San Francisco, ticket sales to California residents, and maintenance of registered business operations in California.

18.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 et seq. because both Defendants are subject to this Court's personal jurisdiction with respect to the instant action.

**FACTS OF THE CLAIM**

19.    On April 14, 2024, Plaintiff, STEPHANIE SHAW, departed on a roundtrip international itinerary originating from LAX in Los Angeles, California. On May 2, 2024, Plaintiff began her return trip home, departing from Istanbul Airport (IST) in Istanbul, Turkey, connecting through Heathrow Airport (LHR), and ultimately scheduled to terminate at LAX.

20.    On May 2, 2024, Defendant TURKISH AIRLINES operated and controlled a flight from IST to LHR, designated as Turkish Airlines Flight TK1979 and marketed by Defendant UNITED as United Airlines Flight UA6915 (the "subject flight"), pursuant to Defendants' code share agreement under which UNITED served as the contracting carrier and TURKISH AIRLINES served as the actual carrier.

21.    On May 2, 2024, Plaintiff, STEPHANIE SHAW, was a fare-paying passenger lawfully aboard the subject flight.

22.    Plaintiff purchased tickets for her roundtrip international itinerary while in California, including transportation on the subject flight, directly through Defendant UNITED's website.

23.    Defendant TURKISH AIRLINES operated and controlled the subject flight and employed the flight crew responsible for its safe operation and the safety and well-being of its passengers.

24.    Defendant TURKISH AIRLINES was in exclusive control of the operations of subject flight, including but not limited to those related to the baggage compartments onboard the subject flight.

25.    On May 2, 2024, as the subject flight took off from IST, the overhead bin above Plaintiff suddenly and unexpectedly opened, and a piece of large, heavy luggage fell out and struck

4

Plaintiff Stephanie Shaw's Complaint for Damages

Plaintiff on the head.

26.     As a result of the bag striking her on the head, Plaintiff, STEPHANIE SHAW, sustained bodily injuries including, but not limited to, a concussion, post-concussion syndrome, and serious soft tissue injuries to her spinal cord and bilateral upper extremities.

**COUNT I: BODILY INJURY**
**UNDER ARTICLE 17 OF THE MONTREAL CONVENTION**

27.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

28.     The injuries sustained by Plaintiff on May 2, 2024 were the result of an "accident" as defined by Article 17 of the Montreal Convention because her injuries were caused by an unexpected or unusual event or occurrence external to her, and not by her own internal reaction to the ordinary operation of the aircraft.

29.     As a direct and proximate result of the aforesaid accident, Plaintiff, STEPHANIE SHAW, was seriously injured.

30.     As a direct and proximate result of the aforesaid accident, Plaintiff, STEPHANIE SHAW, was permanently injured.

31.     As a direct and proximate result of the aforesaid accident, Plaintiff, STEPHANIE SHAW, suffered great pain, suffering, and mental anguish, and in the future shall continue to suffer from same.

32.     As a direct and proximate result of the aforesaid accident, Plaintiff, STEPHANIE SHAW, was forced to spend great sums of money on medical treatment and in the future shall continue to spend sums of money on same.

33.     As a direct and proximate result of the aforesaid accident, Plaintiff, STEPHANIE SHAW, suffered a significant loss of income and earning potential, and in the future shall continue to suffer a significant loss of income and earning potential.

34.     As a direct and proximate result of the aforesaid accident, Plaintiff, STEPHANIE SHAW, was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

35. As a direct and proximate result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Plaintiff, STEPHANIE SHAW, pursuant to the Montreal Convention.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and special damages according to proof;

2. For personal injury damages and property damages according to proof;

3. For economic damages;

4. For prejudgment interest to the extent allowed by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem proper.

Date: April 29, 2026.                    NELSON & FRAENKEL, LLP


By:    /s/ Nicole C. Andersen
           Nicole C. Andersen

KREINDLER & KREINDLER LLP


By:    /s/ Erin R. Applebaum
           Erin R. Applebaum (Pro Hac Vice Applicant)
           Taylor Sandella (Pro Hac Vice Applicant)

*Attorneys for Plaintiff Stephanie Shaw*

Plaintiff Stephanie Shaw's Complaint for Damages